**In re SPIER AIRCRAFT CORPORATION.**

No. 4265.

District Court, D. New Jersey.

Oct. 4, 1945.

Max L. Rosenstein, of Newark, N. J., for trustee, Samuel M. Coombs.

Charles A. Rooney, of Jersey City, N. J., for Jersey City.

MEANEY, District Judge.

This matter comes before the Court on the petition of the trustee in bankruptcy for the above bankrupt corporation, for review of the order of the Referee.

The matter initially came before the Referee on the return of a show cause order, why a supplemental proof of claim filed by the Collector of Taxes for the City of Jersey City should not be re-examined and reduced or expunged.

The City of Jersey City, relying on the holding in Arkansas Corporation Commission v. Thompson, 313 U.S. 132, 61 S.Ct. 888, 85 L.Ed. 1244, contended that the bankruptcy court could not review the claim. This contention was found by the Referee to be without merit in view of the holding in State of New Jersey v. Anderson, 203 U.S. 483, 27 S.Ct. 137, 51 L.Ed. 284, which was distinguished in the Thompson case, supra, and of the holdings in Lyford v. City of New York, 2 Cir., 137 F.2d 782, and Matter of Monongahela Rye Liquors, Inc., 3 Cir., 141 F.2d 864 in which cases the bankruptcy court was permitted to review tax claims.

The determination by the referee that he could properly review the claim is sound.

The Hudson County Tax Board did not act in a judicial or quasi judicial capacity, but in a ministerial or administrative capacity only. This distinction is controlling. The holding in the Thompson case (supra) denying the right in the bankruptcy court to review, is applicable only in cases where the tax assessors are acting in a judicial or quasi-judicial capacity.

Having properly determined that it was within his power to review under the circumstances, the Referee concluded that the assessment and valuation was properly arrived at, and allowed the supplemental proof of claim in full.

After a careful examination of the Referee's report and the memorandum filed by

the trustee, and after a thorough perusal of the testimony and briefs previously submitted, it is my determination that the Referee's conclusions were proper and should be affirmed in all respects.